UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK A. JENNINGS,

                              Petitioner,

-vs-                                                    Case No.  8:05-cv-885-T-24TGW

JAMES V. CROSBY, JR.,

                              Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Mark A. Jennings' 28 U.S.C. § 2254 petition for writ of habeas corpus.  Jennings challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  A review of the record demonstrates that, for the following reasons, Jennings' petition must be **DENIED**.

## BACKGROUND

Jennings was charged with trafficking in oxycodone, possession of methamphetamine, and possession of drug paraphernalia in Case No. CF02-00261A-XX. Represented by court-appointed counsel, Jennings pled nolo contendere on the day scheduled for trial, August 21, 2002.  Subsequently, Jennings failed to appear for sentencing. The state trial court had made clear to Jennings at the plea hearing that he could face the maximum penalty if he failed to appear for sentencing.

On September 17, 2002, the state trial court sentenced Jennings, in absentia, to 30 years incarceration on the trafficking count, with a concurrent five-year sentence on the

possession of methamphetamine count. The state trial court sentenced Jennings to time served on the misdemeanor possession of paraphernalia count.

Jennings' trial counsel advised Jennings to turn himself into Florida authorities, but Jennings ignored the advice. Notwithstanding Jennings' failure to appear in the state trial court for sentencing, his counsel argued for mitigation at the October 14, 2002, motion to mitigate sentence hearing. Counsel's arguments were not successful. Jennings was not present at that hearing.[1]

Jennings appealed the conviction and sentence. His appellate counsel filed an Anders v. California, 386 U.S. 738 (1967) brief addressing potential issues of whether the trial court erred in accepting the plea and in sentencing Jennings. However, appellate counsel concluded there was no meritorious basis for reversible error. Although the state district court of appeal gave Jennings an opportunity to file a pro se brief, Jennings did not do so. On October 1, 2003, the state district court of appeal per curiam affirmed the conviction and sentence.  Jennings v. State, 2003 Fla. App. LEXIS 14788 (Fla. DCA 2d DCA, Oct. 1, 2003)[no table available]. Jennings did not seek rehearing.

On July 16, 2003, Jennings filed a pro se rule 3.850 motion for postconviction relief. On October 23, 2003, the state trial court dismissed the rule 3.850 motion, without prejudice to Jennings' refiling a rule 3.850 motion after the state district court of appeal issued its mandate on direct appeal. Subsequently, Jennings filed a pro se rule 3.850 motion for postconviction relief dated March 16, 2004, attacking the voluntariness of his

_____

[1] Jennings was received into Respondent's custody on March 13, 2003.

plea on grounds of ineffective assistance of trial counsel. He also raised a claim of newly discovered evidence.

On April 26, 2004, the state trial court summarily denied the first three claims and directed the State to respond to the fourth claim. Following the State's response, the state trial court, on June 10, 2004, summarily denied the remaining rule 3.850 claim.

Jennings filed a motion for rehearing, which was denied.  Jennings then appealed the summary denial of his rule 3.850 motion. On February 18, 2005, the state district court of appeal per curiam affirmed the state trial court's denial of relief in case no. 2D04-3669. Rehearing was denied March 16, 2005, and the mandate issued April 7, 2005. Jennings timely filed the present 28 U.S.C. § 2254 petition dated April 27, 2005.  Jennings raises five grounds for relief.

STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

DISCUSSION

Grounds One, Two, and Three

In ground one, Jennings claims his plea was involuntarily induced because trial counsel failed to inform him that the State was required to prove four elements of the crime beyond a reasonable doubt in order to convict him of the felony offenses. In ground two, Jennings claims that his plea was involuntarily induced because his trial counsel affirmatively misadvised by telling him that there was no viable defense to the charges because Jennings admitted to the police that items recovered at the scene belonged to him.  In ground three, Jennings claims his plea was involuntarily induced because his trial counsel persuaded him to plead by representing to Jennings that the prosecutor would recommend a maximum sentence of three years in return for a "straight-up plea." (Doc. 1 at 7- 9)   Petitioner alleges that counsel's actions constituted ineffective assistance.

The following excerpt from the August 21, 2002, plea colloquy demonstrates that Jennings' plea was knowing and voluntary and that Jennings' ineffective assistance of counsel claims have no merit.

> Mr. Pastorin: [Defense Attorney] Yes, Judge, I'm Mr. Pastorin for the record.  As you know, my client was late today ... The last few minutes – I know it's about 10 to 10:00 a.m. today – he and I had a discussion about what he wants to do.

> He was offered on Monday a verbal offer by Ms. Combee [the prosecutor] that the State would drop the trafficking charge and he could plead to Counts Two and Three and get probation.  He's advised me that he wants to take that offer but Ms. Combee does not want to give that offer at this point in time and I guess the option that's left then Mr. Jennings would have to decide he goes to trial today or he can plead straight up to the court. And Ms. Combee has advised me that they would be recommending three years prison, the original offer in this case.

The Court:  Well, there is a mandatory minimum of three years.

. . . .

The Court: . . .  If Mr. Jennings wishes to enter a plea straight up he understands that he could receive probation, he could receive no prison sentence, he could receive the maximum.  The fact that the State may or may not have offered him any type of plea offer is of no force and affect on the Court.  I would evaluate his sentence based on the facts of the case and his prior record and then sentence him appropriately.  But as I said, the fact that the State has offered him probation doesn't mean this Court would automatically sentence him to probation.  As I said, the only assurance the court would give is it will impose a legal sentence in the case.

Mr. Pastorin:  Yes, Judge.   Judge, may we have a five-minute discussion with the State?

The Court:  I'm going to sit right here, the jury is on the way, it's now five minutes to 10:00 and we were scheduled to begin at 9:00 o'clock. So if you wish to talk to your client before the jury gets up to the jury room it may take about five minutes.

Mr. Pastorin:  Yes. Judge.  I just wanted to verify the scoresheet so that we can understand what the framework would be for the legal sentence in this case.

The Court:  Well, the – Count One carries a – up to – it's a first-degree felony, which would carry a maximum of what, 30 years?

Mr. Pastorin:  Yes, Judge.

The Court:  Count Two is a third degree felony, it carries up to five years; and Count Three is possession of drug paraphernalia and carries up to one year.  So those are the maximum sentences that could be imposed.

Mr. Pastorin:  Yes, Judge.  And for the record, the State provided notice of habitualization if he was proven a habitual offender that those sentences could be double on the felonies.

The Court:  That's also a possibility.

(Pause in the Proceedings)

Mr. Pastorin:   Judge, Mr. Pastorin for the record.   I believe Mr. Jennings has decided to plead straight up to the court.

The Court:  All right.  You and your client wish to come up?

. . . .

The Court:  We're ready to proceed.  Mr. Jennings, raise your right hand.

(Defendant sworn)

The Court:  All right.  Put your hand down.  Mr. Jennings, tell me your full name.

The Defendant:  Mark Allen Jennings.

The Court:  How old are you?

The Defendant:  31.

The Court:  And how far did you go in school?

The Defendant:  Eleventh grade, sir.

The Court:  All right.  Mr. Jennings, you are presently charged in case number 2002-261 in an amended Information, you got three offenses, trafficking in Oxycodone, that is a first-degree felony which carries up to 30 years in prison upon conviction; and you're charged with possession of Methamphetamine, that's a third degree felony that carries up to five years in prison if you're convicted; and then on Count Three you're charged with possession of drug paraphernalia, that is a one-year misdemeanor upon conviction.  Do you understand what you're charged with?

The Defendant:  Yes, sir.

The Court:  And do you understand that the State at the time of sentencing could ask this Court to declare you to be a habitual offender which would increase any sentences, could basically double any sentences the Court could impose if I deem you to be a habitual offender and sentence you as such?  Do you understand that?

The Defendant:  Yes, sir.

The Court:  Have you talked to your lawyer about that and discussed that with him?

The Defendant:  Yes, sir.

The Court:  Now, Mr. Jennings has indicated to me that you wish to withdraw your not guilty plea – and is he entering a plea of no contest, Mr. Pastorin?

. . . .

The Court:  Is that what you wish to do to settle the case?

The Defendant.  Yes, sir.  Does that mean that I'm not admitting that I am guilty of the trafficking.

The Court:  A plea of guilty says you admit you did what the State says you did, a plea of no contest does not admit guilt.  A plea of no context tells this Court you feel it's in your best interest not to contest the facts of the case against you.  It makes no difference to me whether you plead guilty or no contest because the sentencing I impose would imply [sic] to a guilty plea or to a no contest plea, because the only difference basically is to you.  Do you understand that?

The Defendant:  Yes, sir.

The Court:  Now is that what you wish to do enter a plea of no contest to these charges?

The Defendant:  Yes, sir.

The Court:  Has anyone forced you, threatened you, coerced you in any way to get you to change your plea to no contest?

The Defendant:  No, sir.

The Court:  Has anyone said or done anything to you and [sic] make you enter a plea of no contest to these charges against your own free will?  You will have to speak up.

The Defendant:  No, sir.

The Court:  Has anyone promised you anything with regard to what this Court may or may not do as a result of your plea?

The Defendant: No, sir.

The Court: Has anyone promised you that this Court would go easy on you in any way just because you entered a plea and saved us all from having to go to a jury trial?

The Defendant: No, sir.

The Court: And have you had sufficient time to talk to your lawyer about the case and about any possible defenses you might have to these charges?

The Defendant: Pardon? I didn't understand.

The Court: Have you had sufficient time to talk to your lawyer about the facts of the case and about any defenses that you might put on by way of defense to these charges?

The Defendant: Yes, sir.

The Court: Are you satisfied with the services of your lawyer in this case?

The Defendant: Yes.

(Discussion of the scoresheet and the rights the Defendant would be giving up by pleading)

The Court: Do you understand you'll be giving up those rights, there won't be a trial, there won't be any witnesses, there won't be any testimony because of your plea, do you understand that?

The Defendant: Yes.

The Court: Do you have any questions about that, Mr. Jennings?

The Defendant: I just don't know if I'm doing to [sic] the right thing. I don't –

The Court: Okay. Well, this Court can't help you out there, that's between you and your lawyer. The only thing this Court can do is advise you what your rights are. As far as making that decision that's up to you. You can go to trial and you can be found not guilty and walk out a free man. On the other hand, you could be found guilty to [sic] all of these and be sentenced up to the maximum. So that's a decision you have to make. All

-8-

I can do is advise you of your rights and you make that final decision based on advice and counsel of your attorney.

Mr. Pastorin: Judge, just for the record, I told Mr. Jennings that. I also told him I can't guarantee, I can't ethically do that, I can tell him the pros and cons of this case and he's got to make the decision.

The Court: Well, nobody can predict what a jury will or will not do. Do you have any other questions?

The Defendant: Yes, I do. On one – how do I say that – if I'm not found guilty on trafficking do they – are they separate?

The Court: Each charge is considered by the jury separately.

The Defendant: I have another one, Your Honor. If I'm not charged – not guilty on trafficking my points would be lower?

(Discussion of lesser included offenses)

The Court: Mr. Pastorin, what does your client want to do at this time? He had a question of whether or not he was doing the right thing, which I responded that I can't make that decision for him.

Mr. Pastorin: Judge, I understand that. He also asked me what I thought and I've given him my opinion again. As he knows I can't tell him, you know, what the statistics are of us winning, I can't tell what the jurors will do based on the facts that come out.

The Court: No telling what I will do.

Mr. Pastorin: That's correct, Judge.

The Court: No one, Mr. Jennings, can force you, threaten you, coerce you in any way, shape or form in making this decision, but I do need – I do have a jury sitting there and we've been here now for an hour and nearly 15 minutes – I need a decision as to whether you wish to proceed and enter your plea of no contest.

The Defendant: Yes, sir, no contest.

The Court: All right. Do you have any other questions, Mr. Jennings?

(Discussion of postponing sentencing to say goodbye to his family)

The Court:  Okay.  Do you have any other questions?

The Defendant:  That the Judge would go lenient on me for some of these charges because some of these charges are not mine.

The Court:  Well, Mr. Jennings, that's something that you would present to me during the time that I'm going to give for sentencing.  You can present anything you wish to this Court by way of mitigation or pleas for leniency.  But what we want you to under that your plea being entered right now there's no promises one way or the other or guarantees of what I will do or won't do or no promises.  And you indicated nobody has made those promises to you, is that right?

The Defendant.  Yes.

The Court:  Do you wish to go ahead and enter this plea of no contest and have me accept it at this time?

The Defendant:  Yes, sir.

The Court:  Counsel, with respect to a factual basis do you have any objection whatsoever to me examining the sworn documents in the court file to determine if in fact there is a factual basis to support the charges in the plea?

Mr. Pastorin:  No objection, Judge.

The Court:  I'll take just a moment and do that. I'll find based on the sworn documents contained in the court file that there is a factual basis to support not only the charges set forth in the amended Information but the plea of no contest which has been entered to the Court, I'll find he's entered his plea freely, voluntarily and knowingly with full knowledge and knowing waiver of his constitutional rights, and I will at this time accept the plea. . . .

The Judge allowed Jennings to remain on ROR until sentencing.  However, the state trial court judge cautioned:

The Court:  I'll allow him to stay on his ROR until sentencing in this case.  You are ordered not to commit any further violation of law while pending sentencing, and you are ordered to appear on the date and time just announced and which you will be given written notification this morning also. If you fail to do either understand you're facing up to the maximum the law would allow on each one of these charges.

-10-

The Defendant:  Yes, sir.

The Court ordered that a presentence report be prepared and then set sentencing for September 17, 2002 at 8:30 a.m. (Resp. Exh. 1 at 28-43).

It is well-established state and federal law that guilty pleas[2] waive all but jurisdictional claims up to the time of the plea. United States v. Broce, 488 U.S. 563 (1989)(when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary);  Tollett v. Henderson, 411 U.S. 258, 266-67 (1973)(holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991); Parker v. State, 603 so. 2d 616 (Fla. 1st DCA 1992); Dean v. State, 580 so. 2d 808, 809 (Fla. 3d DCA 1991)(citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)(finding that a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial). The waiver includes constitutional claims. Wilson v. United States, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); Dermota v. United States, 895 F.2d 1324 (11th Cir. 1990); Matthew v. Johnson, 201 F. 3d 353, 364 (5th Cir. 2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights). Once Jennings entered his plea, the scope

---

[2] Since a plea of nolo contendere admits guilt for the purposes of the case, see Hudson v. United States, 272 U.S. 451, 444 (1926); Norman v. McCotter, 765 F.2d 504, 509-11 (5th Cir. 1985); Williams v. Wainwright, 604 F.2d 404, 407 (5th Cir. 1979), "the law applicable to a guilty plea is also applicable to a plea of nolo contendere." Carter v. Collins, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc0(Fifth circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court).

of the federal habeas inquiry was limited to whether the plea was voluntarily and intelligently made.

By entering a voluntary guilty, or no contest plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his or her accusers. See Boykin v. Alabama, 395 U.S. at 242-44; United States v. Broce, 488 U.S. at 573 (1989) (relinquishment derived not from inquiry into defendant's subjective understanding of range of potential defenses, but from admissions necessarily made upon entry of voluntary guilty plea). Jennings' voluntary and knowing plea waived his antecedent non-jurisdictional claims including his claims of ineffectiveness of counsel because the claims do not implicate the validity of the plea. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).

During the plea colloquy, the state trial court made clear to Jennings that, notwithstanding any sentencing offer by the State, Jennings could receive the maximum penalty. Jennings chose to enter his plea anyway, and in so doing, waived and defaulted his claims of ineffective assistance of counsel because the alleged ineffective assistance of counsel occurred prior to the entry of Jennings' nolo contendere plea. Jennings does not deny that when he entered his plea, the state trial court made him aware that the state trial court could impose the maximum penalty. In addition, Jennings assured the state trial court that no one made promises to him about his sentence.

Jennings also waived and defaulted ground three by voluntarily failing to attend the sentencing hearing. Jennings was aware he would face sentencing up to the maximum penalty if he failed to appear on the scheduled date for sentencing. By choosing to absent

himself from sentencing, he waived his right to be present because he had notice of the scheduled sentencing and voluntarily failed to appear. See e.g., Capuzzo v. State, 596 So. 2d 438 (Fla. 1992); State v. Gurican, 576 So. 2d 709, 712 (Fla. 1991) ("Where the convicted defendant escapes and fails to appear for sentencing, we advise trial courts to proceed in absentia and their final judgments adjudicating the defendant guilty.").[3] Because he was absent from the hearing, Jennings  abandoned and defaulted any claim regarding his counsel's advice about the State's sentencing recommendation.

Finally, when challenging his plea based on a claim of ineffective assistance of counsel, Jennings must allege facts that meet both elements of Strickland.  See also Hill v. Lockhart, 474 U.S. 52, 58 (1985). Jennings has not done so. Each of Jennings' claims of ineffective assistance of counsel can be denied under Strickland's deficiency prong.

With regard to ground one, Jennings does not articulate sufficient facts to support his claim that counsel did not properly advise him about  the elements of the offenses. With regard to ground two, Jennings does not allege that his counsel failed to investigate the circumstances of his statements to police and the seizure of evidence, and he does not plead a sufficient basis that would show, even if proven, that his counsel overlooked any viable defense under the circumstances of his case. With regard to ground three, Jennings does not show that counsel made any misrepresentation with regard to the prosecutor's recommendation in the event Jennings did not appear at sentencing. Jennings does not

---

[3] Federal law concerning sentencing in a federal prosecution is in accord. E.g., United States v. Jordan, 216 F.3d 1248, 1248-49 (11th Cir. 2000) (concluding defendant could be sentenced in absentia after he pled guilty to drug crime and then escaped from detention prior to sentencing).

overcome the strong presumption that counsel's performance was not deficient. Strickland, 466 U.S., at 690.

Alternatively, Jennings cannot show prejudice. Jennings does not allege facts to show that his counsel overlooked any viable defense. Moreover, Jennings, with knowledge of the facts supporting the State's case and consequences of his plea, freely and voluntarily entered the plea. Jennings does not point to specific objective facts which would show, if proven, that he would have insisted on going to trial rather than pleading and seeking mitigation of sentence through his plea.[4]  Moreover, given that he voluntarily chose not to appear at sentencing, Jennings cannot show there was a reasonable probability he would not have pled had he been advised differently with regard to the prosecutor's sentencing recommendation.

The state decision resulted in a reasonable application of Tollett, as well as established Supreme Court precedent regarding the voluntariness of his plea. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" See Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Jennings does not allege any facts that would call into question the knowing and voluntary nature of his plea. The voluntariness of a plea is determined by considering all

_____

[4] A mere allegation by the defendant that he would have insisted on going to trial, although required, is insufficient to establish prejudice. See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (defendant's mere allegation that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief on an ineffective assistance claim;  rather, the Court looks to factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial); United States v. Arvantis, 902 F.2d 489, 494 (7th Cir. 1990).

of the relevant circumstances surrounding it. <u>Brady v. United States</u>, 397 U.S. 742, 749, (1970). A plea qualifies as intelligent, furthermore, when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998) (quoting <u>Smith v. O'Grady</u>, 312 U.S. 329, 334 (1941)). A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. If a defendant understands the charges against him, understands the consequences of the guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141 (11th Cir. 1991).

Jennings' sworn assurances to the state trial court support the reasonable conclusion he understood the nature of the charges to which he was pleading, the rights attendant with trial he was giving up, and the consequences of his plea. Jennings assured the state trial court he understood the charges; he understood the penalty could be doubled upon habitualization; and that he could receive the maximum penalty; that no one had promised him anything to make him enter his plea and no promises were given him as to what sentence the trial court would impose; that he had sufficient time to discuss the facts of the case and potential defenses with counsel and was satisfied with his counsel's services; and he understood he was waiving his rights attendant a jury trial by his plea. His representations bear out the objectively reasonable conclusion his plea was a voluntary and intelligent choice among the alternative courses open to him.

In its order summarily denying Petitioner's 2004 rule 3.850 motion, the state trial court stated, in pertinent part:

> In his Motion, the Defendant seeks to set aside his plea in the above-mentioned case. As grounds for relief, the Defendant raises three claims of ineffective assistance of Counsel and one claim based on newly discovered evidence.
>
> As to the claims of ineffective assistance of counsel, the law is clear. In order for a convicted defendant to prevail on a claim that counsel's assistance was so defective as to require reversal of a conviction, a defendant must satisfy both parts of a two-prong test. First, a defendant must show that counsel's performance fell below an objective standard of reasonableness. Second a defendant must show that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).
>
> In claims one and two of his Motion, the Defendant alleges that his plea was involuntarily induced due to Counsel's incorrect advice. Specifically, the Defendant alleges that Counsel incorrectly advised the Defendant that there was no viable defense to the charged crimes, and for that reason, it was in the Defendant's best interest to take [sic] plea straight up to the charged offenses.
>
> However, the Defendant has failed to allege what the procedural or factual defense available to the Defendant if the case had proceeded to trial. [sic] As such, the Defendant is unable [sic] show that Counsel's performance fell below an objective standard of reasonableness; and but for Counsel's unprofessional error, there was a reasonable probability that the result of the proceeding would have been different. Therefore, the Court finds that the Defendant has failed to meet the [sic] both prongs of the <u>Strickland</u> test, and claims one and two are denied.
>
> In claim three, the Defendant alleges ineffective assistance of Counsel due to Counsel misadvising the Defendant that the State would recommend to the Court, and Defendant would receive a maximum sentence of three years. With respect to the prejudice component, this allegation, however, is clearly refuted by the record. "[A] plea can only be vacated upon a showing of prejudice or manifest injustice. <u>State v. Evans</u>, 705 So. 2d 531, 532 (Fla. 3rd DCA 1998).

On August 21, 2002, the Defendant entered his plea of nolo contendere before the Honorable Charles Lee Brown.  During the plea colloquy the Court informed the Defendant as follows:

> ". . . if Mr. Jennings wishes to enter a plea straight up he understands that he could receive probation, he could receive no prison sentence, he could receive the maximum.  The fact that the State may have or may not have offered him any type of plea offer is of no force and effect on the Court.  I would evaluate his sentence based on the facts of the case and his prior record and then sentence him appropriately.  But as I said, the fact that the state has offered him probation doesn't mean that this court would automatically sentence him to probation.  As I said, the only assurance the Court would give is it will impose a legal sentence in this case."

Thus, this Court finds the Defendant's claim fails, as he in unable to meet the second prong of the Strickland test.  Defendant's claim three is denied.

(Petitioner's Exhibit C; Resp. Exh. 15)

Jennings has not shown by clear and convincing evidence that the decisions of the state courts were incorrect. Similarly, Jennings has not shown that the state courts' resolutions of issues of law--including constitutional issues--were "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state courts were wrong; it must be demonstrated that the state courts decisions were "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

Grounds one, two, and three do not warrant habeas corpus relief.

Ground Four

Jennings contends that he requested to withdraw his plea based on his claim of newly discovered evidence in his rule 3.850 proceeding.  He faults the state trial court for denying his rule 3.850 claim without holding an evidentiary hearing.

The state trial court, in denying this claim stated:

> Finally, in claim four the Defendant seeks to withdraw his plea based on newly discovered evidence.  Specifically, the Defendant alleges that Christopher Callihan, the Defendant's uncle, was the owner of the oxycodone that the Defendant was convicted of unlawfully possessing.  Here, the court found that the Defendant set forth a facially sufficient claim that was not refuted by the record.  The Court required a response from the State.  On May 12, 2004, the State filed its response.  The State asserts that "[t]he evidence in question relates to the ownership of the controlled substance which the Defendant was convicted of illegally possessing.  However, non-ownership is not a complete defense to a charge of possession.  The Defendant alleged no facts which challenge his possession, actual or constructive, of the illegal substance."  *See* State's Response.
>
> After review, the court agrees with the state's argument and adopts the Response by reference herein.  Thus, the court finds Defendant's claim of newly discovered evidence lacks merit and the relief prayed [sic] is hereby denied.

(Resp. Exh. 15)[5]

The weight of authority holds that alleged errors in state postconviction proceedings are not addressable in federal habeas corpus actions.  See Franzen v. Brinkman, 877 F. 2d 26 (9th Cir. 1990) (and cases cited therein).  Therefore, this Court does not have subject matter jurisdiction to address ground four.  Whether Jennings pled facts meeting both

---

[5] The state trial court decision settled that, as a matter of state law, Jennings' allegations did not show the existence of newly-discovered evidence.

prongs of the state's newly discovered evidence standard is solely a matter within the province of the Florida courts.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. Wainwright v. Goode, 464 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000).

Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. See Herrera v. Collins, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. See Willeford v. Estelle, 538 F.2d 1194, 1196- 98 (5th Cir. 1976).

Moreover, Jennings' complaint regarding the summary denial of his claim in his postconviction proceeding does not undermine the validity of the state conviction and does not present a cognizable claim for federal habeas relief. See Spradley v. Dugger, 825 F.2d 1566 (11th Cir. 1987). In Jennings' case, the actual innocence exception to the state procedural default doctrine is inapplicable because he does not seek to excuse a procedural default so that he may raise a defaulted constitutional claim challenging his conviction. He seeks habeas relief on the premise that evidence shows that his conviction is factually incorrect. He is not entitled to federal review of such a claim. See, Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002)("It is not our role to make an independent

-19-

determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial"). The claimed existence of newly discovered evidence relevant to guilt of a state prisoner is not a ground for relief in a federal habeas corpus proceeding. Williams v. Griswald, 743 F.2d 1533, 1541 (11th Cir. 1984)(citing Townsend v. Sain, 72 U.S. 293, 317 (1963)).

Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Herrera, 506 U.S. at 400. To the extent Jennings promotes a freestanding claim of actual innocence, he cannot show that the state decision was contrary to Herrera. Moreover, even if, Jennings' actual innocence claim were cognizable, the claim fails because Jennings cannot meet the "extraordinarily high" standard as defined by the United States Supreme Court. Herrera, 506 U.S. at 426. The petitioner must show new facts unquestionably establishing his innocence. Schlup v. Delo, 513 U.S. 298, 317 (1995). Jennings has not shown new facts that unquestionably establish his innocence.

Post-plea, Jennings stands not as a presumptively innocent person, but as a person who is conclusively guilty. Schlup, 513 U.S. at 326, n. 42 ("Having been convicted by a jury of a capital offense, Schlup no longer has the benefit of the presumption of innocence.").That the oxycodone belonged to another individual does not constitute new evidence of innocence as contemplated by Schlup.

Ground four does not warrant habeas corpus relief.

Ground Five

Jennings contends the state trial court erred in sentencing him in absentia. He also contends the state trial court erred by not addressing his rule 3.850 claim pertaining to this alleged error.  Ground five is a state law issue for which federal habeas corpus relief does not lie.

Furthermore, this claim should have been raised, if at all, on direct appeal.  Jennings did not do so. Under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a rule 3.850 motion. Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990). This Circuit has long recognized this aspect of Florida law. Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), cert. denied, 464 U.S. 922 (1983).

A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. Kentucky v. Stincer, 482 U.S. 730, 745 (1987). Notwithstanding the importance ascribed to this right, it may be waived. See Diaz v. United States, 223 U.S.442, 455 (1912)(defendant who knowingly absents himself from the courtroom after trial has commenced leaves the court free to proceed with trial in like manner and with like effect as if he were present).

It is objectively reasonable to conclude Jennings knowingly and voluntarily waived his right to be present at sentencing. Jennings voluntarily chose not to appear at sentencing and continued his failure to appear at the sentencing mitigation hearing. The state decision

involved a reasonable application of clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

Accordingly, the Court orders:

That Jennings' petition is denied, with prejudice. The Clerk is directed to enter judgment against Jennings and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 21, 2006.

_Susan C. Bucklew_
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Mark A. Jennings